In the Matter of GEORGE SANDBERG, an Attorney, Resignor.

Second Department, August 24, 1992

**APPEARANCES OF COUNSEL**

*George Sandberg,* Patchogue, resignor *pro se.*

*Frank A. Finnerty, Jr.,* Westbury *(Nancy A. Bolger* of counsel), for Grievance Committee for the Tenth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

George Sandberg has submitted an affidavit dated April 6, 1992, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Sandberg was admitted to the practice of law by the Appellate Division of the

Supreme Court, Second Judicial Department, on February 24, 1971.

Mr. Sandberg acknowledges that he is the subject of an investigation by the Grievance Committee for the Tenth Judicial District concerning allegations that he misappropriated escrow funds. Mr. Sandberg further acknowledges that he is submitting his resignation subject to an order of this court directing that he make restitution to any persons whose money or property he misappropriated or that he reimburse the Lawyers' Fund for Client Protection of the State of New York pursuant to Judiciary Law § 90 (6-a). Mr. Sandberg recognizes that any order issued pursuant to Judiciary Law § 90 (6-a) may be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Sandberg indicates that he is tendering his resignation freely and voluntarily, that he is not being subject to coercion or duress, and that he is fully aware of the implications of submitting his resignation. He states that he could not successfully defend himself on the merits against disciplinary charges based upon the allegations against him.

Counsel for the Grievance Committee has recommended that the court accept the resignation. Under the circumstances, the resignation of George Sandberg as a member of the Bar is accepted and directed to be filed. Accordingly, George Sandberg is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and EIBER, JJ., concur.

Ordered that the resignation of George Sandberg is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, George Sandberg is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that George Sandberg shall promptly comply with this court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, George Sandberg is commanded to desist and refrain (1) from practicing law in any form, either as principal

or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a) and (b), George Sandberg is directed to make restitution in the amounts set forth to the following persons whose money or property was willfully misappropriated or misapplied, less the amount of any awards to those persons by the Lawyers' Fund for Client Protection of the State of New York arising out of the misappropriation or misapplication:

Mr. and Mrs. Hartwin Lahr in the sum of $122,079;

Ann Moloy in the sum of $2,000;

Richard Emma in the sum of $10,000;

Dr. H. Royson in the sum of $43,682; and

Kevin and Hope Dodson in the sum of $10,000; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the persons whose money or property was willfully misappropriated or misapplied by him; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person to whom payments are due hereunder in the amount set forth herein less any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection of the State of New York where it has been subrogated to the rights of such person.